UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DMITRIY ARTEMOV,

                    Plaintiff,

          - against -

THE CITY OF NEW YORK, *et al.*,

                  Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
24-CV-1908 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

Plaintiff Dmitriy Artemov ("Plaintiff") filed this *pro se* action on March 14, 2024, and asserts federal claims pursuant to 42 U.S.C. §§ 1983, 1985, 1988, 2000e-16(a), as well as under New York State and New York City law. The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. For the reasons discussed below, Plaintiff is granted thirty (30) days from the date of this Memorandum & Order to submit an amended complaint.

## BACKGROUND

Plaintiff brings this action against the City of New York, John Doe Police Officers ("Police Officer Defendants"), Spring Creek Towers ("SCT"),[1] and John Doe SCT Public Safety Officers ("Public Safety Officer Defendants") (collectively, "Defendants"). Plaintiff is a 55-year-old transgender woman who resides in SCT. (Compl., ¶¶ 6, 15.) Plaintiff alleges that, on March 7, 2024, she was at a grocery store on the grounds of SCT when the Public Safety Officer Defendants started harassing her. (*Id.* ¶¶ 15–18.) According to Plaintiff, the Public Safety Officer Defendants,

---

[1] Spring Creek Towers is a self-contained community consisting of 5,881 residential units located in Brooklyn, New York. *See* Spring Creek Towers: About Us, https://www.springcreektowers.com/aboutus.html (last visited Apr. 3, 2024).

without any provocation, "began loudly attracting the attention of the public and provoking the crowd to violence by threateningly shouting obscene insults including threats to life and threats to conduct violence . . . accompanied by obscene threatening gestures that offend human dignity[.]" (*Id.* ¶ 18.)  As a result, Plaintiff was not able to gain access to a public area and was forced to leave the area for her own safety.  (*Id.* ¶ 19.)  Plaintiff asserts that she has been harassed by Defendants based on her sexual orientation and gender identity and seeks monetary damages.  (*See generally* Compl.)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In addition to alleging sufficient facts to state a plausible claim for relief, under Federal Rule of Civil Procedure 8, a plaintiff must provide a short, plain statement of the claims against each named defendant. *Id.* at 677–78 ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* at 678 (citations and alterations omitted).

In reviewing a *pro se* complaint, the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe

a *pro se* complaint liberally").  At the same time, the court must dismiss a case filed by an IFP

plaintiff if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2)(B).  An action is "frivolous" when either "the factual contentions are

clearly baseless, such as when allegations are the product of delusion or fantasy, or the claim is

based on an indisputably meritless legal theory."  *Livingston v. Adirondack Beverage Co.*, 141

F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and alterations omitted).

## DISCUSSION

### I.     Plaintiff's Claims Under Section 1983

Section 1983 provides, in relevant part, that "[e]very person who, under color of any

statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected,

any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights

elsewhere conferred by those parts of the United States Constitution and federal statutes that it

describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121,

127 (2d Cir. 2010).  To state a claim under Section 1983, a plaintiff must allege two essential

elements: "(1) that the defendants deprived [them] of a right 'secured by the Constitution or laws

of the United States'; and (2) that they did so 'under color of state law.'"  *Giordano v. City of New

York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40,

49–50 (1999)).

**A.      Plaintiff's Claims Against the City of New York and the Police Officer Defendants**

Aside from naming the City of New York and the Police Officers Defendants in the caption of the Complaint, Plaintiff fails to make any factual allegations against these Defendants.  Thus, it is unclear whether Plaintiff intends to maintain an action against these Defendants and the extent to which these Defendants were involved in the incident from which Plaintiff's claims arise.

With regard to Plaintiff's claims against the City of New York, to hold a municipality liable under Section 1983, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional [or other federal] right." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)); *see also Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 257 (2d Cir. 2020); *Myftari v. Dep't of Fin.*, No. 23-CV-2558, 2023 WL 3628584, at *2 (E.D.N.Y. May 24, 2023).  Although Plaintiff broadly asserts that the acts she complains of "were carried out . . . pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Policy Department" (Compl. ¶ 29), she offers no factual support for this conclusory allegation.

With regard to Plaintiff's claims against the Police Officer Defendants, "[i]t is well settled that, in order to establish a defendant's individually liability in a suit brought under [Section 1983], a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).  To the extent that Plaintiff intends to maintain a Section 1983 action against the Police Officer Defendants, she fails to plead any facts

to show that the officers had any personal involvement in the alleged rights violations asserted in her Complaint.  *See, e.g.*, *Hall v. Suffolk Cnty.*, No. 23-CV-4606, 2023 WL 4747395, at *3 (E.D.N.Y. July 25, 2023) (dismissing claims against officers where there was no indication that the officers had any personal involvement in the purported constitutional deprivation).

> **B.      Plaintiff's Claims Against Spring Creek Towers**

Spring Creek Towers "is a private corporation that operates a private security force that has been deputized by the New York City Police Department and whose officers have the power to make arrests." *Artemov v. Ramos*, No. 18-CV-2537, 2018 WL 2121595, at *3 (E.D.N.Y. May 8, 2018) (quoting *Brown v. Starrett City Assocs.*, No. 09-CV-3282, 2011 WL 5118438, at *1 (E.D.N.Y. Oct. 27, 2011)).  When a private corporation, such as SCT, operates a private police force, it is subject to liability under Section 1983 as if it were a municipality.  *Id.*  However, to prevail on a Section 1983 claim against a municipality, a plaintiff must show that an action pursuant to a municipality's official policy caused the injury.  *See Jones v. Town of East Haven*, 691 F.3d 72, 82 (2d Cir. 2012).  Here, Plaintiff fails to allege facts that would support an inference that an official policy or custom of SCT or SCT's Public Safety Department caused a violation of her federally protected rights.  *See Artemov*, 2018 WL 2121595, at *3.

* * *

Accordingly, Plaintiff's claims under Section 1983 are dismissed with leave to amend.

5

**II.     Plaintiff's Claims Under Section 1985**

To state a conspiracy claim under Section 1985(3), Plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in [their] person or property or deprived of any right or privilege of a citizen of the United States." *See Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007) (citing 42 U.S.C. § 1985(3)); *Guillen v. City of New York*, 625 F. Supp. 3d 139, 159 (S.D.N.Y. 2022).  A plaintiff must also show that the conspiracy was "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." *Cine SK8, Inc.*, 507 F.3d at 791 (quoting *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999)).  Mere conclusory or general allegations of a conspiracy are insufficient to state a claim. *See Doe v. Fenchel*, 837 F. App'x 67, 68–69 (2d Cir. 2021) (summary order) (affirming dismissal of plaintiff's Section 1985 conspiracy claim where the operative complaint did not include facts to support its conclusory allegations); *Baa v. Gonzalez*, No. 22-CV-2602, 2023 WL 5278482, at *8 (E.D.N.Y. Aug. 16, 2023). Plaintiff has failed to plead any plausible facts to support a claim that Defendants acted in concert to deprive her of equal protection of the law.

Accordingly, Plaintiff's claims under Section 1985 are dismissed with leave to amend.

**III.    Plaintiff's Claims Under Section 1988**

To the extent that Plaintiff seeks attorneys' fees under Section 1988, any such claim fails because Plaintiff, as a *pro se* litigant, cannot recover attorneys' fees.  *See Jackson v. Cnty. of Rockland*, 450 F. App'x 15, 19 (2d Cir. 2011) (summary order) ("The Supreme Court has spoken clearly that a *pro se* litigant . . . may not receive attorney's fees under Section 1988." (citing *Kay*

*v. Ehrler*, 499 U.S. 432, 438 (1991))); *Azaryev v. City of New York*, No. 21-CV-3856, 2021 WL 3861722, at *2 (E.D.N.Y. Aug. 27, 2021).

Accordingly, any such claim is dismissed without leave to amend.

**IV.   Plaintiff's Remaining Claims**

Plaintiff appears to seek to bring a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(a).  (*See* Compl. ¶ 3.)  However, Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [their] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–2(a)(1).  There is no indication that Plaintiff was ever employed by or sought employment with the named Defendants.  As such, Plaintiff's claim under Title VII is dismissed without leave to amend.

Finally, to the extent that Plaintiff seeks to allege that she was denied the full and equal use of a public accommodation because of her gender under Title 8 of the Administrative Code of the City of New York ("NYCHRL"), Plaintiff fails to plead sufficient facts for the Court to determine if a violation occurred.  *See, e.g.*, *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (explaining that, to state a claim for gender discrimination under the NYCHRL, a "plaintiff need only show differential treatment—that she is treated 'less well'—because of a discriminatory intent" (quoting *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 39 (N.Y. App. Div. 2009))).  As such, the Court dismisses Plaintiff's claim under Title 8 with leave to amend.

**LEAVE TO AMEND**

A *pro se* plaintiff should be given an opportunity to amend the complaint if a "liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v.*

7

*Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).   For the reasons stated above, Plaintiff's claims under Section 1988 and Title VII are dismissed with prejudice; however, Plaintiff may file an amended complaint within thirty (30) days of the date of this Order to assert plausible claims under Sections 1983 and 1985 and Title 8 of the Administrative Code of the City of New York.  The amended complaint must clearly identify each legal claim and set forth a short, plain statement of the relevant facts supporting it.  Plaintiff must name as Defendants those individuals who were allegedly involved in the deprivation of her rights.   For each Defendant named, Plaintiff should include a brief description of what each Defendant did or failed to do, the date and location of each relevant event, and how the Defendant's acts or omissions caused the Plaintiff injury.

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint within thirty (30) days of this Order.  It must be captioned "First Amended Complaint" and bear the same docket number as this Order.  All further proceedings are stayed for 30 days.

If Plaintiff does not file an amended complaint within 30 days, or show good cause as to why she cannot comply with this deadline, the action shall be dismissed, and judgment entered. Plaintiff may wish to consult the City Bar Justice Center's Federal *Pro Se* Legal Assistance Project at (212) 382-4729 for free, confidential limited-scope legal assistance.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Plaintiff and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*

Pamela K. Chen
United States District Judge

Dated: April 3, 2024
       Brooklyn, New York