```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DMITRIY ARTEMOV,

                        Plaintiff,

        - against -

THE CITY OF NEW YORK, et al.,

                        Defendants.
----------------------------------------------------------x
```

**MEMORANDUM & ORDER**
24-CV-1908 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

Plaintiff Dmitriy Artemov ("Plaintiff") filed this *pro se* action on March 14, 2024, asserting federal claims pursuant to 42 U.S.C. §§ 1983, 1985, 1988, and 2000e-16(a), as well as claims under New York State and New York City law. By Memorandum & Order ("M&O") dated April 3, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, dismissed with prejudice Plaintiff's claims under 42 U.S.C. §§ 1988 and 2000e-16(a), and granted Plaintiff leave to assert plausible claims under 42 U.S.C. §§ 1983 and 1985 and Title 8 of the Administrative Code of the City of New York. (*See* Dkt. 4 ("4/3/2024 M&O").) On April 19, 2024, Plaintiff filed an amended complaint. (*See* Am. Compl., Dkt. 6 ("Am. Compl.").) For the reasons stated below, Plaintiff's claims against the City of New York and the John Doe New York City Police Officers are dismissed for failure to state a claim upon which relief may be granted. Plaintiff's claims against Spring Creek Towers and the John Doe Spring Creek Public Safety Officers may proceed.

## BACKGROUND

The following allegations are taken from Plaintiff's amended complaint and are presumed true for the purposes of this Memorandum & Order. *See Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). Plaintiff brings this action against the City of New York ("City"), John Doe Police

Officers ("Police Officer Defendants"), Spring Creek Towers ("SCT"), and John Doe SCT Public Safety Officers ("Public Safety Officer Defendants"). (*See generally* Am. Compl.) Plaintiff is a 55-year-old transgender woman who resides in SCT. (*Id.* ¶¶ 6, 15.) On March 7, 2024, Plaintiff was at a grocery store on the grounds of SCT when the Public Safety Officer Defendants started harassing her. (*Id.* ¶¶ 15–18.) According to Plaintiff, the Public Safety Officer Defendants, without any provocation, "began loudly attracting the attention of the public and provoking the crowd to violence by threateningly shouting obscene insults including threats to life and threats to conduct violence . . . accompanied by obscene threatening gestures that offend human dignity[.]" (*Id.* ¶ 18.) As a result of the Public Safety Officer Defendants' conduct, Plaintiff was forced to leave the area for her safety and was thus unable to access a public area. (*Id.* ¶ 19.) Plaintiff asserts that she has been harassed by Defendants based on her sexual orientation and gender identity and seeks monetary damages. (*See generally* Amend. Compl.)

## DISCUSSION

The Court previously found that Plaintiff failed to make any factual allegations to support her claims against the City and the Police Officer Defendants (collectively, the "City Defendants"). (*See* 4/3/2024 M&O at 4–5.) Accordingly, the Court directed Plaintiff to include a brief description of what each Defendant did or failed to do, the date and location of each relevant event, and how each Defendant's acts or omissions caused Plaintiff injury in her amended complaint. (*Id.* at 7–8.) Despite the Court's instructions, Plaintiff's amended complaint fails to provide further factual allegations in support of her claims against the City Defendants. As to the City, Plaintiff alleges that the City "maintains the New York City Police Department . . . ." (*Id.* ¶ 8.) As to the Police Officer Defendants, Plaintiff asserts that the officers "were acting under the supervision of the [New York City Police] [D]epartment and according to their official duties." (*Id.* ¶ 9.)

2

However, Plaintiff does not provide any allegations concerning what the City Defendants actually did or how they were connected to the incident in question. To the contrary, Plaintiff's allegations concerning the March 7, 2024 incident focus entirely on SCT and the Public Safety Officer Defendants.

To hold a municipality liable under 42 U.S.C. § 1983, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional [or other federal] right." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)); *see also Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 257 (2d Cir. 2020); *Myftari v. Dep't of Fin.*, No. 23-CV-02558 (HG), 2023 WL 3628584, at *2 (E.D.N.Y. May 24, 2023). Further, "[i]t is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

Mere conclusory allegations that a policy, custom, or practice has led to a violation are insufficient to support a § 1983 claim. *See Butler v. Castro*, 896 F.2d 698, 700 (2d Cir. 1990); *Adams v. City of New York*, No. 21-CV-3956, 2023 WL 2734611, at *7 (E.D.N.Y. Mar. 31, 2023). Here, Plaintiff pleads no plausible factual allegations in support of her claim against the City, nor does she plead any facts to show that the Police Officer Defendants had any personal involvement in the alleged violations asserted in her amended complaint. *See, e.g.*, *Ahmad v. New York City*, No. 23-CV-07957 (RER), 2024 WL 245310, at *3 (E.D.N.Y. Jan. 23, 2024) (dismissing claims

against officers where there was no indication that the officers were personally involved in the purported constitutional deprivation); *Hall v. Suffolk Cnty.*, No. 23-CV-4606 (PKC), 2023 WL 4747395, at *3 (E.D.N.Y. July 25, 2023) (same).  Thus, Plaintiff's claims against the City of New York and the Police Officer Defendants are dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

In an abundance of caution and in deference to Plaintiff's *pro se* status, the Court permits Plaintiff's claims to proceed against SCT and the Public Safety Officer Defendants, assuming the John Doe Public Safety Officers can be identified.

## CONCLUSION

For the reasons stated above, Plaintiff's amended complaint, filed *in forma pauperis*, is dismissed against the City of New York and the Police Officer Defendants.  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's claims against Spring Creek Towers and the Public Safety Officer Defendants shall proceed.

The Clerk of Court shall issue a summons as to Spring Creek Towers and the United States Marshals Service is directed to serve the summons, amended complaint, and this Order upon Defendant Spring Creek Towers without prepayment of fees.

Plaintiff will have an opportunity to conduct discovery to identify the Public Safety Officer Defendants and obtain service addresses.  Once identified, Plaintiff's action shall be deemed amended to reflect the full names of these individuals as Defendants, summonses shall issue, and the Court shall direct service on these Defendants.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum & Order to the Plaintiff and to note the mailing on the docket.

The matter is referred to Magistrate Judge Lois Bloom for pretrial proceedings.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 13, 2024
       Brooklyn, New York